**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2097
_____

FRED U. ANDES,
                            Appellant

v.

NEW JERSEY CITY UNIVERSITY,
FORMERLY KNOWN AS JERSEY CITY STATE COLLEGE;
JOHN DOES 1-10; ABC CORPORATIONS 1-10.
_____

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 07-cv-05521)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
February 18, 2011

Before:  SLOVITER and HARDIMAN, *Circuit Judges*,
and JONES, II, [*] *District Judge*.

(Opinion Filed: March 24, 2011)

_____

OPINION
_____

_____

[*] The Honorable C. Darnell Jones, II, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

JONES, II, *District Judge*.

Dr. Fred U. Andes ("Dr. Andes") appeals the District Court's order granting

summary judgment to New Jersey City University ("NJCU") on Dr. Andes's claims under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("LAD"), following

NJCU's failure to promote Dr. Andes.   For the reasons set forth below, we will vacate

the order of the District Court and remand for further proceedings.

## I.

Because we write primarily for the parties, we recite only the essential facts and

procedural history of this case.

In January 2003, while employed by NJCU as an Assistant Professor, Dr. Andes

applied for the position of Dean of Graduate Studies and Continuing Education at NJCU.

In April 2003, NJCU informed Dr. Andes that the search for the dean position was being

discontinued due to NJCU's financial difficulties.  However, in August 2003, a different

individual was in fact promoted to the deanship; Dr. Andes was never interviewed or

considered for the position.[1]  In February 2004, Dr. Andes filed a charge of

discrimination against NJCU with the Equal Employment Opportunity Commission

("EEOC"), asserting claims of discrimination on account of his race (Asian) and national

---

[1] Apart from the dean position, Dr. Andes was promoted from Assistant Professor to Associate Professor in September 2003.

origin (Filipino) based on NJCU's failure to promote him to Acting Dean at NJCU. The EEOC issued a Notice of Dismissal and Right to Sue letter in January 2005.

In February 2005, Dr. Andes applied for another promotion, this time to Full Professor. NJCU promoted three of Dr. Andes's colleagues in April 2006 instead; Dr. Andes alleged that at least two of NJCU's seven Promotions Committee members were never presented with and/or reviewed his application materials. Dr. Andes filed a second charge with the EEOC in July 2006, alleging that the failure to promote him to Full Professor was based on his race and/or national origin, and was in retaliation for his prior discrimination complaints. The EEOC issued a Notice of Dismissal and Right to Sue letter regarding this second charge in August 2007, which served as the predicate for the instant suit filed in November 2007.

The District Court granted NJCU's motion for summary judgment and dismissed Dr. Andes's claims, holding that (1) while Dr. Andes established a *prima facie* case of discrimination, he failed to rebut as pretextual NJCU's proffered reasons for not promoting him; and (2) Dr. Andes failed to establish a *prima facie* case of retaliation. *Andes v. New Jersey City Univ.*, Civ. No. 07-5521, 2010 WL 1049953, *passim* (D.N.J. Mar. 17, 2010). This timely appeal followed.

## II.

We exercise plenary review over the District Court's grant of summary judgment.

3

*Jacobs Constructors, Inc. v. NPS Energy Servs., Inc.*, 264 F.3d 365, 369 (3d Cir. 2001).[2]

We apply the same test that the District Court should have applied: whether "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact'" and whether "'the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)). Importantly, like the District Court, we must also "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

### III.

As the District Court notes, Title VII discrimination claims must be analyzed according to the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993) (clarifying *McDonnell Douglas* standard); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (same).[3] First, a plaintiff must

---

[2] The District Court had jurisdiction pursuant to 29 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] LAD claims are analyzed under the same federal standards as those applied to Title VII claims. *Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1087-88 (3d Cir.1996) (holding that unlawful discrimination claims under LAD "parallel" Title VII claims)*; McKenna v. Pacific Rail*

4

provide adequate evidence of a *prima facie* case of discrimination, showing that (1) he is a member of a protected class; (2) he is qualified for the position in question; (3) he suffered an adverse employment action; and (4) his employer sought to fill the position with a similarly qualified individual who was not a member of the plaintiff's protected class. *McDonnell Douglas*, 411 U.S. at 802. The District Court found that Dr. Andes satisfied this prong by alleging that three similarly situated colleagues who were not Asian or Filipino were promoted, and that at least one of those colleagues did not hold a degree as advanced as Dr. Andes's own. We agree.

Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment action against the plaintiff. *Hicks*, 509 U.S. at 507; *Burdine*, 450 U.S. at 254; *McDonnell Douglas*, 411 U.S. at 802. NJCU submitted that Dr. Andes was not promoted because he did not meet all the requirements of NJCU's promotion guidelines and/or because his colleagues who were promoted were in fact more qualified than Dr. Andes. The District Court held that this reason adequately rebutted Dr. Andes's *prima facie* case, and we agree.

Finally, if the defendant provides a legitimate, nondiscriminatory reason for the action it took against the plaintiff, the burden returns to the plaintiff to "point to some

---

*Serv*., 32 F.3d 820, 827 (3d Cir.1994) ("The New Jersey Supreme Court has generally looked to standards developed under federal anti-discrimination law for guidance in construing the LAD.").

evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons or, (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

It is fundamental that at trial "[i]t is not enough … to *dis*believe the employer; the fact-finder must *believe* the plaintiff's explanation of intentional discrimination." *Hicks*, 509 U.S. at 519 (emphasis in the original). However, at the summary judgment stage the plaintiff's burden is not so heavy. To survive summary judgment, the plaintiff need only raise doubt as to the legitimacy of the defendant's proffered reason for its adverse action; it need not prove its discrimination case. Here, the District Court appears to have based its decision at least in part on Dr. Andes's failure to proffer "affirmative" evidence suggesting that illegal discrimination was a motivating factor in NJCU's decision.[4] Such "affirmative" evidence is not required at summary judgment. *Fasold v. Justice*, 409 F.3d

---

[4] Upon reviewing the record and hearing oral argument, the District Court found that Dr. Andes's evidence on the pretext prong did "not amount to affirmative evidence of discrimination," and granted NJCU summary judgment on Dr. Andes' discrimination claims accordingly. *Andes*, 2010 WL 1049953 at *7. While the District Court used the phrase "affirmative evidence" only once in its opinion, it demonstrated its requirement for such evidence at several different points during oral argument. *See* Oral Arg. Tr. dated March 1, 2010 at 22:25-23:1 (court's comment to Dr. Andes's counsel that "you have to prove discrimination"); 22:3-5 (court's assertion that the crucial question was "whether or not there was discriminatory motive"); 26:19-21 (court finding no evidence of "any discriminatory motive"); 27:5-10 (court finding no evidence that NJCU's actions were taken "deliberately because of [Dr. Andes's] Asian/Filipino background"); 27:13-16 (court's belief that "there's got to be some proof" of discriminatory motive).

178, 187 (3d Cir. 2005) ("[n]o affirmative or direct evidence of discrimination is required" to survive summary judgment in Title VII discrimination case). Dr. Andes need only point to evidence from which a fact-finder (a jury or trial judge, as opposed to a judge considering summary judgment) might reasonably disbelieve NJCU's articulated legitimate reason for its actions. *See Fuentes*, 32 F.3d at 764 (stating that if plaintiff has pointed to enough evidence to undermine defendant's proffered reasons, "to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her *prima facie* case") (internal citations omitted).

At summary judgment, the plaintiff bears the burden of production but not persuasion. In other words, at this stage, the "real" reason for the employer's action is unimportant; it matters only that there is evidence to suggest that there *is* a "real" reason which is not the articulated reason. Specifically, "the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence[.]'" *Id.* at 765 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)) (emphasis in the original).

At summary judgment, therefore, a court must view these implausibilities, inconsistencies, incoherencies and contradictions, however weak, in the light most

favorable to the non-moving party. In this instance, the District Court did not do so. In particular, the District Court concluded that testimony by NJCU's Promotion Committee members that they had not reviewed or could not recall reviewing Dr. Andes's application was more likely the result of faulty memory than it was suggestive of flaws or inconsistencies in NJCU's explanation of Dr. Andes's non-promotion. Because we cannot determine whether any genuine issues of material fact exist as to Dr. Andes's discrimination claims without applying the proper legal standard, remand is appropriate so that the District Court may assess whether Dr. Andes pointed to sufficient evidence to create an issue of fact as to the pretextual nature of NJCU's reasons for failing to promote Dr. Andes, or to other circumstantial evidence from which a jury could have inferred discriminatory intent.[5]

## IV.

The *McDonnell Douglas* burden-shifting requirements apply with equal force to retaliation claims. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). First, to state a *prima facie* claim for retaliation, a plaintiff must establish a causal connection between his protected activity (Dr. Andes's filing of his first EEOC charge) and the

---

[5] Dr. Andes appeals the District Court's summary judgment grant not only on the grounds that the District Court erred by requiring him to demonstrate that NJCU's proffered reasons for failing to promote him were pretextual, but also because the District Court improperly made determinations as to whether NJCU's nondiscriminatory reasons were indeed pretextual or discriminatory. Because we remand for application of the proper legal standard, however, we need not reach Dr. Andes's argument regarding the District Court's alleged fact-finding.

8

adverse employment action taken against him (NJCU's failure to promote Dr. Andes to Full Professor). The plaintiff may demonstrate such a connection by circumstantial evidence, such as temporal proximity, a pattern of antagonism and pretext. *Kachmar v. SunGard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997). Moreover, temporal proximity is not the only factor to be considered by the trial court in assessing the causal connection. Indeed, where the record establishes sufficient inferences of a causal connection, the court need not consider temporal proximity at all. *See Farrell v. Planter's Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000) (evidence that can be considered probative of causation "is not limited to timing and demonstrative proof, such as actual antagonistic conduct or animus. Rather, it can be other evidence gleaned from the record as a whole from which causation can be inferred.") (citing *Kachmar*, 109 F.3d at 178 ("It is important to emphasize that it is causation, not temporal proximity, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn.")).

The District Court erroneously focused exclusively on temporal proximity when it found no causal connection between Dr. Andes's first EEOC charge and NJCU's failure to promote him to Full Professor. *See Andes*, 2010 WL 1049953 at *6 (measuring temporal proximity and finding that "Andes's argument on 'temporal proximity' is off the mark") and *7 (focusing on whether time period was "'unusually suggestive'") (internal citations omitted). Instead, summarily stating that "Andes fails to proffer any evidence of

9

intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for [the adverse employment action], or any other evidence in the record sufficient to support the inference of retaliatory animus," *id.* (internal citation omitted), the District Court failed to acknowledge the existence of circumstantial record evidence that Dr. Andes presented to raise an inference of pretext.[6] In addition to considering temporal proximity, the District Court should have considered Dr. Andes's circumstantial evidence of pretext in evaluating his retaliation claim. Remand is again appropriate so that the District Court may acknowledge and address any such evidence in determining whether Dr. Andes established a *prima facie* retaliation case.[7]

## V.

We will vacate the District Court's order granting summary judgment to NJCU, and we will remand for further proceedings consistent with this opinion.

---

[6] Such evidence would include NJCU's failure to offer Dr. Andes a position that was available, its criticism of Dr. Andes' performance during the promotional process, and its inconsistent procedures during that process. *See Antol v. Perry*, 82 F.3d 1291, 1300 (3d Cir. 1996), *aff'd*, 124 F.3d 185 (3d Cir. 1997) (whether assertion that other candidates were more qualified was pretext for disability discrimination presented genuine issue of material fact, precluding summary judgment); *Miller v. Cigna Corp.*, 47 F.3d 586, 598 (3d Cir. 1995) (jury could have concluded that plaintiff was qualified for open positions awarded to younger workers and that employer's hiring and promotion process discriminated against older workers); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641 (3d Cir. 1993) (court may also consider as circumstantial evidence the atmosphere in which company made its employment decisions).

[7] Because we will vacate the District Court's order granting summary judgment and remand for further proceedings, we need not reach Dr. Andes' contention that the District Court erred in focusing on the date of Dr. Andes' EEOC charge as a discrete event and on the date that the promotions were announced rather than the date that the decision effectively was made.

10